**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Nicholas Willing,<br>Plaintiff,<br>vs.<br>State of Nevada,<br>Defendant. | Case No. 2:25-cv-02229-GMN-MDC<br>**ORDER DENYING MOTIONS (ECF NOS. 6, 7, 11, AND 15)** |

*Pro se* plaintiff Nicholas Willing brings the above captioned action for declaratory relief. Mr. Willing seeks a declaration that Article 14 of the Nevada Constitution is unconstitutional. *See ECF No. 1-1*. That article address the boundaries of the State of Nevada. Mr. Willing is also requesting to proceed *in forma pauperis* ("IFP") and his IFP application has not been approved, nor as his Complaint (ECF No. 1-1) been screened.

In the interim, Mr. Willing has filed the following motions (i) "Motion for the Northern U.S. District Court to Take Custody" at **ECF No. 6**; (ii) "Motion for Judicial Notice of all Northern U.S. District Court Judges" at **ECF No. 7**; (iii) "Motion to Declare Nov 2 1982 General Election Question 5 Unconstitutional" at **ECF No. 11**; and (iv) "Motion for Judicial Notice of all U.S. District Court Judges of Nevada" at **ECF No. 15**. All these motions ultimately seek relief or a determination on the merits of Mr. Willing's declaratory relief claim. Such issues, however, cannot be adjudicated until the Court screens the Complaint and determines whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, should the Complaint get past the screening stage, plaintiff would have to serve it (along with any motions seeking relief on the merits) upon defendant before any matters raised in the Complaint and motions may be considered and adjudicated. The Complaint does not raise any exigent matters, and the Court has a busy docket. The Court will review

Mr. Willing's IFP application and, if appropriate, screen his Complaint, in the ordinary course.

Accordingly,

**IT IS ORDERED** that plaintiff's (i) "Motion for the Northern U.S. District Court to Take Custody" at **ECF No. 6**; (ii) "Motion for Judicial Notice of all Northern U.S. District Court Judges" at **ECF No. 7**; and (iii) "Motion to Declare Nov 2 1982 General Election Question 5 Unconstitutional" at **ECF No. 11**; and (iv) "Motion for Judicial Notice of all U.S. District Court Judges of Nevada" at **ECF No. 15**, are **DENIED** without prejudice.

DATED: August 6, 2026

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**